UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| AUBREY BUTLER,             )<br>                                          )<br>           Petitioner,       )<br>                                          )<br>v.                                      )<br>                                          )<br>UNITED STATES OF AMERICA, )<br>                                          )<br>           Respondent.      ) | Case No. 09-CV-2066 |

**OPINION**

Petitioner, Aubrey Butler, pled guilty to two counts of distribution of 5 or more grams of a mixture and substance containing cocaine base (crack) (21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)) and one count of distribution of 50 or more grams of a mixture and substance containing crack (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)).  Petitioner was sentenced to 240 months in the Bureau of Prisons.  Petitioner's direct appeal was dismissed by the Seventh Circuit Court of Appeals on April 30, 2008.  Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) on March 16, 2009.  The government filed its Response (#5) on April 15, 2009.  For the reasons that follow, Petitioner's Motion (#1) is DENIED.

BACKGROUND

Petitioner was indicted on four counts of drug related crimes on December 8, 2005, in case number 05-CR-20060.  Petitioner pled guilty on May 9, 2006, to Counts 1 and 2 of the indictment (distribution of 5 or more grams of a mixture and substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)) and Count 4 of the indictment (one count of distribution of

50 or more grams of a mixture and substance containing crack in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)).  On October 18, 2006, Petitioner was sentenced by this court to 240 months in the Bureau of Prisons.  Back on November 17, 2005, the government had filed a "Notice of Prior Conviction," in which it gave notice, pursuant to 21 U.S.C. § 851(a)(1), of a prior state court conviction that possibly qualified Petitioner for a sentencing enhancement.  The conviction in question was for possession of a controlled substance in the circuit court of Champaign County, Illinois in 2003.  Petitioner was sentenced to the statutory mandatory minimum of 240 months in prison pursuant to 21 U.S.C. § 841(b)(1)(A) because he had a prior conviction for a felony drug offense (the Champaign County conviction).

On March 16, 2009, Petitioner filed this Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1).  In his Motion (#1), Petitioner listed as the ground for habeas relief "denial of effective assistance of counsel" in that his counsel "failed to object to § 851 enhancement."  At the same time, Petitioner filed a Memorandum of Law In Support of Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. § 2255 (#3).  In his Memorandum, Petitioner argues that his counsel were ineffective for failing to object to the government's use of a prior state court conviction for controlled substance possession.  Specifically, Petitioner claims that since the prior conviction was for drug possession, and not distribution, case law precedent did not allow for the conviction to be treated as a felony under the Controlled Substances Act.  Without the prior conviction enhancement, Petitioner argues he would have been subject to the Sentencing Guidelines recommendation of a 108-135 month sentence instead of the 240 month statutory mandatory minimum.  Thus, he was prejudiced by his counsels' performance failing to satisfy an objective standard of

reasonableness. Petitioner asks for his sentence to be vacated or for an evidentiary hearing to be held. The government filed its Response (#5) on April 15, 2009, arguing that Petitioner's Motion should be denied because "courts have consistently held that felony convictions for simple possession of a controlled substance qualify as a prior conviction for a felony drug offense."

## ANALYSIS

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of conviction must satisfy two prongs: (1) defendant must show that counsel's performance was deficient and (2) defendant must show that that deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Regardless of when that claim is made, and because counsel is presumed effective, a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel. United States v. Trevino, 60 F.3d 333, 338 (7th Cir. 1995). The convicted defendant must show that his counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. The purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation, but rather to see that a defendant has received a fair trial. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and that the challenged action might be considered sound trial strategy. Strickland, 466 U.S. at 689. A defendant must direct the court to the specific acts or omissions which inform his claim and the court must then determine whether, in light of all the circumstances, the alleged acts or omissions were outside the wide range of professionally competent assistance. Strickland, 466 U.S. at 690. There is a strong

presumption that counsel's performance was reasonable.  Strickland, 466 U.S. at 698.

Petitioner relies primarily on Bosede v. Mukasey, 512 F.3d 946 (7th Cir. 2008) to make his argument that mere drug possession can not be considered a felony so as to make him eligible for the 240 month mandatory minimum sentence under § 841(b)(1)(A).  In Bosede, Bosede, a Nigerian citizen who had lived in the United States for 27 years, was ordered deported after he was twice convicted for possession of small amounts of cocaine and retail theft.  An immigration judge rejected Bosede's arguments to stay in the U.S., concluding that he was statutorily ineligible for withholding of removal because his two drug offenses were "serious crimes" under 8 U.S.C. § 1231(b)(3)(B).  Bosede, 512 F.3d at 949.  The judge reasoned that because both of Bosede's convictions were felonies under Illinois law and because they involved conduct punishable under the Controlled Substances Act they met the definition of drug trafficking, which the United States Attorney General had determined to be particularly serious crimes. Bosede, 512 F.3d at 949-50.

On appeal, the Seventh Circuit noted that Bosede's offenses were for possession of less than one gram of cocaine and that he was not involved in dealing drugs.  Bosede, 512 F.3d at 951.  However, the Seventh Circuit also focused on the cavalier and apparently prejudiced or partial attitude of the immigration judge against Bosede.  There were so many flaws in the hearing, that the Seventh Circuit doubted that the immigration judge provided Bosede with a fair hearing.  Bosede, 512 F.3d at 951.  The Seventh Circuit was so taken aback by the behavior of the immigration judge, that it urged, upon remand, that the case be given to a new judge, concluding "[t]he flaws in the IJ's opinion call into question the fairness of the proceedings, and since we cannot be confident that Bosede's hearing comported with statutory requirements or

-4-

met minimum standards of due process, Bosede is entitled to a new one." <u>Bosede</u>, 512 F.3d at 952.

Petitioner's case is distinguishable from that presented in <u>Bosede</u>. First, and most importantly, <u>Bosede</u> concerned whether the drug possession charges, based on their small amount, constituted drug trafficking so as to be a serious crime under immigration law related to deportation proceedings. There is no argument that they are not felonies. Petitioner's case has nothing to do with immigration law or deportation proceedings. Rather, Petitioner's case concerns simply whether he had a prior felony drug conviction. Further, there were numerous other factors present in the <u>Bosede</u> immigration judge's ruling, such as his behavior and treatment of the evidence, that caused the Seventh Circuit to question whether Bosede even received a fair hearing. The <u>Bosede</u> decision is inapplicable to the instant case and does not help advance Petitioner's argument.

In <u>United States v. Rosales</u>, 516 F.3d 749 (9th Cir. 2008), the Ninth Circuit Court of Appeals held that possessing drugs is conduct relating to them and that any argument that a conviction for simple possession did not qualify as a felony drug offense under 21 U.S.C. § 841 must fail. <u>Rosales</u>, 516 F.3d at 758. The court wrote "that when determining whether a prior conviction supported an enhancement under 21 U.S.C. § 841, 'the law at issue itself need not relate to (i.e., make mention of) narcotic drugs but only need mention (for purposes of prohibition and restriction) some conduct that itself relates to (i.e., involves the use, *possession* (italics in original), or sale of ) narcotic drugs.'" <u>Rosales</u>, 516 F.3d at 758, quoting <u>United States v. Meza-Corrales</u>, 183 F.3d 1116, 1127 (9th Cir. 1999). The court then went on to cite three cases from other circuits holding similarly regarding simple drug possession and sentence

enhancement.[1]

Clearly, there is persuasive case law that a state court felony conviction for simple possession of a controlled substance can qualify as a "prior conviction for a felony drug offense." Therefore, counsels' decision not to object to the enhancement cannot be considered deficient performance that fell below an objective standard of reasonableness. As a result, Petitioner's Motion (#1) must be DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (#1) is DENIED in full.

(2) This case is terminated.

ENTERED this 12th day of May, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

---

[1] Those cases are: United States v. Curry, 404 F.3d 316, 319 (5th Cir. 2005); United States v. Spikes, 158 F.3d 913, 922 (6th Cir. 1998); and United States v. Hansley, 54 F.3d 708, 718 (11th Cir. 1995).